**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20202
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHNATH JOSEPH,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-678)

November 17, 1995

Before THORNBERRY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant, Johnath Joseph, appeals his resentencing by the district court. 18 U.S.C. § 3582(c)(2). We affirm.

Background

Joseph was convicted by a jury of possession of a firearm by a felon and on August 24, 1990, was sentenced by the court to thirty years confinement, five years supervised

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

release, and a $50.00 mandatory special assessment. The conviction and sentence were affirmed. United States v. Joseph, 940 F.2d 655 (5th Cir. 1991). Joseph filed a motion alleging his sentence should be corrected due to retroactive application of an amendment to the career offender guidelines, and urging ineffective assistance of counsel for failing to advise him of the applicable law and failing to object at sentencing to his enhancement as a career offender. Following an evidentiary hearing, the district court followed the magistrate judge's recommendation and denied relief on one complaint of ineffective assistance, and granted the government's motion for summary judgment on the other.[1] After receiving a supplemental presentence investigation report ("PSR") the district court granted relief on the guideline amendment and resentenced Joseph to 327 months imprisonment, with the balance of the sentence remaining the same.

## Discussion

Joseph first complains that he was not given adequate notice on resentencing of the district court's intent to upwardly depart from the applicable guideline range. The record reflects the district court decided a departure was warranted because the criminal history category did not adequately reflect his violent past, and the likelihood was great that he would commit future violent crimes. The only objection raised to the upward departure was a "violation of the ex post facto clause since the Court did not consider these matters when it first sentenced him. It should now be limited by an earlier determination." This objection mentioned nothing about notice. Therefore, since this complaint was not raised in the district court, in order to prevail Joseph must show this court's failure to consider it would result in manifest injustice. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

---

[1] Joseph has not raised on appeal his ineffective assistance of counsel claims.

2

The district court may upwardly depart on a ground not identified as a reason for departure either in the PSR or otherwise if the parties are given reasonable notice as required by Fed. R. Crim. P. 32. United States v. Bachynsky, 949 F.2d 722, 733 (5th Cir. 1991) (appeal following remand from *en banc* court). Here, in response to the government's written objections, the probation officer in an addendum to the Supplemental PSR, deferred to the district court on the matter of an upward departure. Although the specific grounds for upwardly departing were not given in the PSR addendum, this notation should have provided adequate notice that the district court could consider such a departure. Joseph has not shown how failure to consider this issue would result in manifest injustice.

Joseph next complains that the district court erred because it failed to give acceptable reasons justifying its upward departure. Joseph argues that the reason given, namely that his criminal history was understated, was insufficient to justify the departure.

The district court must offer acceptable reasons for the departure. United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (*en banc*). The record reveals that, after remarking on Joseph's extensive prior criminal record, the district court articulated the following reasons for its upward departure:

> I conclude that given the seriousness of the Defendant's prior conduct that was not included in his Criminal History Category, and his long and violent criminal history, that there is a likelihood that he will commit future crimes and that a Criminal History Category of V inadequately accounts for both his past criminal history and the likelihood that he will commit future crimes, and I will depart upward[.]

Inadequacy of a defendant's criminal history category and the likelihood that he would commit other crimes are acceptable reasons for an upward departure. *See* U.S.S.G. § 4A1.3. p.s.; United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993). The district court did not err in upwardly departing from the guideline range. Lambert, 984 F.2d at 663.

Finally, Joseph argues that the district committed "double counting" by increasing his base offense level by two levels for possessing a firearm in connection with a drug

3

offense when the offense for which he was convicted already included such consideration. This complaint is foreclosed by United States v.Segler, 37 F.3d 1131, 1135 (5th Cir. 1994) (no double jeopardy violation resulted when defendant assessed two-level increase under U.S.S.G. § 2D1.1(b)(1) for possessing firearm while manufacturing methamphetamine and sentenced for being felon in possession of firearm). Joseph does not dispute that the firearm he possessed was connected to the offense committed. The district court did not err by increasing his offense level after finding that he possessed the firearm during the commission of a drug offense.

AFFIRMED.