# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 99-21147
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JUAN HIJINIO GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-299-1)

_____

February 12, 2001

Before REYNALDO G. GARZA, DAVIS
and JONES, Circuit Judges.

PER CURIAM:*

Juan Gutierrez contends that in sentencing, the district court erred in departing upward from 16 to 19 in assessing his offense level. Concluding that the court relied on permissible factors for departure, made a reasonable determination that the factors removed the case from the heartland of the applicable guideline, and did not abuse its discretion in the degree of the upward departure,

we affirm.

## I.

Gutierrez pleaded guilty to count 1 of an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).[1] The probation officer determined that Gutierrez had an offense level of 16 and a criminal history

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Acting on a tip that Gutierrez was a felon and had been seen in possession of firearms and that he and others were planning a robbery of five to fifteen kilograms of cocaine, Bureau of Alcohol, Tobacco, and Firearms agents executed two search warrants and found five guns in Gutierrez's vehicle and residence. Gutierrez admitted that three of the guns belonged to him.

category of VI, based on a total criminal history score of 14. His guideline-imprisonment range was 46-57 months; the statutory maximum was ten years.

The probation officer noted that Gutierrez's criminal history score did not reflect the seriousness of his prior criminal conduct and recommended an upward departure. Although Gutierrez did not file written objections to the presentence report ("PSR"), the question whether an upward departure was warranted was argued at the sentencing hearing. The court overruled Gutierrez's objection, adopted the findings and conclusions in the PSR, and departed upward by three offense levels.

## II.

Under *Koon v. United States*, 518 U.S. 81 (1996), this court's

analysis of a district court's decision to depart consists of three separate determinations. An appellate court must ask: (1) whether the factors relied on by the district court for departure are permissible factors under the Guidelines; (2) whether the departure factors, as supported by evidence in the record, remove the case from the heartland of the applicable guideline; and (3) whether the degree of departure is reasonable.

*United States v. Threadgill*, 172 F.3d 357, 374 (5th Cir.) (footnote omitted), *cert. denied*, 120 S. Ct. 172 (1999).

In determining whether the factors relied on are permissible, we consider whether "the departure factor is forbidden, encouraged, discouraged, or unmentioned by the Guidelines." *Id.* (discussing *Koon*, 518 U.S. at 92-96). "If the departure factor is not forbidden, the district court may presumably depart on that factor although the appropriate circumstances will vary depending on whether the factor is encouraged, discouraged, or unmentioned." *Id.* at 375.

If a factor is encouraged, courts can depart only "if the applicable Guideline does not already take it into account." If the factor is discouraged, or encouraged but already taken into account by the applicable guideline, courts can depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." If the factor is unmentioned, "the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole[,] decide whether the factor is sufficient to take the case out of the Guideline's heartland."

*Id.* (quoting *Koon*, 518 U.S. at 94-96) (internal quotation marks and brackets omitted).

So, whether a given factor is permissible depends on how the factor is classified. An impermissible factor is a forbidden factor, a discouraged factor not present to an exceptional degree, or an encouraged factor already considered by the Guidelines and not present to an exceptional degree. All other factors cannot be precluded categorically as a possible basis for departure.

*Id.* (citing *Koon*, 518 U.S. at 94-96) (internal citation omitted).

2

We do not defer to the district court's legal determinations, such as whether a factor is a permissible basis for departure. *Id.* (citing *Koon*, 518 U.S. at 100). Factual determinations, however, are entitled to "substantial deference." *Id.* (citing *Koon*, 518 U.S. at 97-99). "[W]hen a district court decides to depart based on the particular facts of a case, it is acting within its special competence. Accordingly, it is the near-exclusive province of the district court to decide whether a particular factor, or set of factors, removes a case from the applicable heartland." *Id.* at 376 (citing *Koon*, 518 U.S. at 376) (internal citations omitted).

The district court gave the following reasons for its upward departure:

Keeping in mind that he was on bond when some of this took place,[2] together with, most importantly, his criminal history, he is before the Court with at least four prior felony convictions, as identified in Part F of the report, numerous additional criminal charges were either dismissed or treated as related cases.

The criminal history points of 16 in the Court's mind does not truly address his criminal history.[3] While on bond,

three days after his plea in this present case, he was arrested in Harris County on new felony charges. To my mind, this behavior demonstrates a total disregard for the law and illustrates a propensity a [sic] recidivism.

An upward departure under Guideline 4A1.3 is going to be ordered. In determining the extent of the departure, it's noted the defendant is already at a Criminal History Category of 6, which is the maximum; therefore, a departure upwards of three levels on the vertical access [sic] of the sentencing table to an offense level of 19 the Court feels is appropriate.

Gutierrez's counsel objected:

Since the Court has decided to depart upward, I would respectfully point out the information in Section 4A1.3 in the guidelines specifically discusses departures from Category 6. We would object to the upward departure. The guidelines apparently do not contemplate an upward departure where the seriousness of the defendant's criminal record is other than egregious. I would point out to the CourtSSI am sure Your Honor already has looked at thisSSthese are auto thefts.

. . .

I don't believe this is the kind of egregious criminal history that the guidelines, the drafters of the guidelines contemplated.

---

[2] While Gutierrez was released on bond following entry of his guilty plea, he was arrested for possession of stolen property. Although Gutierrez denied at sentencing that he knew the property was stolen, his attorney conceded that it did appear that Gutierrez was still involved in criminal conduct.

[3] Gutierrez actually had 14 criminal history points, one more than the 13 points required for a criminal history category VI. Gutierrez had an

offense level of 16.

Counsel also objected that the district court had failed to articulate reasons for departing three offense levels, as opposed to one or two.

The probation officer observed that Gutierrez's criminal history included more than mere auto theft; it also included escape attempts, and several of the offenses involved weapons. The government noted that Gutierrez had convictions for resisting arrest and possession of marihuana. Gutierrez's related crimes involved fleeing or attempting to elude police officers, criminal mischief, and carrying firearms.

The district court concluded that the reasons for its upward departure had been adequately stated and that if they were not, additional reasons mentioned by the probation officer and the prosecutor provided "reasons encompassed in the Court's decision to upward depart three levels."

### III.

Our review of the sentencing begins with a determination of whether the court relied on impermissible factors. Here, it did not.

### A.

Gutierrez asserts that his two misdemeanors that were not counted as part of his criminal history score were not permissible factors for upward departure. The first of the uncounted misdemeanor convictions was for resisting arrest related to a 1994 felony conviction for unlawful use of a motor vehicle. Gutierrez attempted to elude officers and crashed the vehicle into a fence, then fled on foot but was subdued by an officer. During their scuffle, Gutierrez struck the officer with his fists and tried to choke him. The officer suffered a bad knee injury and cuts and abrasions.

The second uncounted misdemeanor conviction was for possession of marihuana related to Gutierrez's 1996 felony conviction for unauthorized use of a motor vehicle. A baggie of marihuana was found in his pocket at the time of arrest.[4]

Gutierrez argues that these misdemeanor convictions were impermissible factors. He contends that although it is permissible to consider uncounted convictions that are not factually related to counted offenses, but were consolidated for sentencing, it is impermissible to consider uncounted convictions that are factually related to the offenses that were counted. Gutierrez relies on U.S.S.G. § 4A1.2, comment 3, to make this distinction.

Gutierrez has misread the comment, however. It does not say that related convictions arising from the same incident are impermissible bases of departure. In fact, it treats all related convictions the same, regardless of whether they arose from the same incident. Any uncounted, related convictions may form the basis of a departure, because, under the guidelines, "assignment of a single set of points [to related convictions] may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which he has committed crimes." U.S.S.G. § 4A1.2, comment 3. The district court therefore did not err in considering Gutierrez's uncounted misdemeanors.

---

[4] A gun was also found in the purse of Gutierrez's female passenger. The passengers told authorities that the gun belonged to Gutierrez and that Gutierrez had forced her to put the gun in her purse.

4

## B.

Gutierrez asserts that the consideration of his arrest while on bond in this case was an impermissible factor, because it was a factor that had already been taken into account, or alternatively, because a mere arrest record is an impermissible factor. Gutierrez points out that the court denied a reduction for acceptance of responsibility based on this subsequent arrest while on bond. He was arrested three days after his guilty plea in this case on charges of possession of stolen property; he contends that, under the *Koon* rubric, the arrest constituted an "encouraged factor already considered by the guidelines and not present to an exceptional degree." *Threadgill*, 172 F.3d at 375.

Gutierrez is conflating the denial of a downward adjustment for acceptance of responsibility with the initial determination of a defendant's offense level. A denial of a downward adjustment, based on one factor or a number of factors, does not mean that those factors have been taken into account in determining the offense level. Thus, a court may use the same factor both to deny a downward departure and to give an upward departure.

For example, if a rapist admits that he will rape again when possible, this is not given any points in determining his offense level. A court could, however, use this fact both to deny a downward departure for acceptance of responsibility and to depart upward, because the rapist presents a high risk of recidivism. This does not constitute erroneous double-counting of the same factor, but is simply use of the factor to decide whether to depart up or down.

Gutierrez argues, alternatively, that his ar- rest while on bond is an impermissible factor because although § 4A1.3 provides that the sentencing court may consider "all relevant information" in deciding whether to depart, it also states that "a prior arrest record itself shall not be considered . . . ." § 4A1.3. In *United States v. Cantu-Dominguez*, 898 F.2d 968 (5th Cir. 1990), we vacated and remanded a sentence involving an upward departure in which the only reason given for the departure was the defendant's prior arrest record. We reasoned:

> [T]he district court stated specifically that it did not find that Cantu-Domin- guez had committed the various offenses for which he had been arrested. The court thus was left with nothing but a history of arrests that did not result in convictions. This is not the type of "reliable information" that justifies a departure from the applicable sentencing range. Indeed, the guidelines explicitly reject reliance on a prior arrest record alone as a basis for an upward departure.

*Id.* at 970-71.

The court inquired whether it appeared likely that Gutierrez had committed the offense for which he was arrested while on bond, and even Gutierrez's attorney agreed that it looked likely that Gutierrez was guilty of possession of stolen property. This is more than a mere arrest record and therefore may be considered in deciding to depart upward.[5] Further, a

---

[5] *See United States v. Ashburn*, 38 F.3d 803, 807-08 (5th Cir. 1994) (en banc) (stating that un- der § 1B1.4, the court could "consider, without limitation, any information concerning the background, character and conduct of the

5

court, in departing upward, may consider the likelihood of recidivism.[6]

## C.

Gutierrez similarly argues that pending and dismissed charges are forbidden—or at best highly infrequent—bases for departure. Gutierrez had four prior dismissed charges. The first—for burglary of a motor vehicle—was dismissed at the time of the guilty plea for unauthorized use of a motor vehicle in 1991. The second—for fleeing or attempting to elude a police officer—was dismissed in 1991, because Gutierrez had been convicted in a related case. The other two dismissed charges—for criminal mischief and for carrying a weapon—were dismissed for unspecified reasons in 1997. The district court stated that it had considered these pending and dismissed charges in deciding to depart upward.

Our analysis of the permissibility of considering these dismissed charges tracks our analysis of the use of Gutierrez's arrest while on bond in considering an upward departure. Here also, a court must rely on more than a mere arrest record; there must be evidence that the defendant committed the crimes he was charged with and was not simply erroneously charged.

The two charges that were dismissed

pursuant to a plea agreement are permissible factors, because they have some greater measure of reliability than does a mere arrest record. Thus, in *Ashburn* we held that the court had properly considered prior criminal conduct related to dismissed counts of the indictment in that case. 38 F.3d at 807-08. We noted that, under § 4A1.3(e), a court is authorized to consider "prior similar adult criminal conduct not resulting in criminal conviction." *Id.* at 807.

The two charges that were dismissed for unknown reasons are more troubling bases for departure. There is no way to know whether these charges were dismissed because they lacked merit or for other reasons. Fortunately, we do not need to decide whether these dismissed charges were permissible factors, because there were sufficient other factors upon which the court could base its decision.[7]

## D.

Gutierrez contends that it was impermissible to depart upward because he had only fourteen criminal history points—only one more than the minimum needed to be categorized in criminal history category VI. He cites no portion of the guidelines and no cases to support this contention, however. The guidelines say departure is appropriate when a criminal's offense level does not adequately reflect his dangerousness or likelihood of recidivism. We therefore reject Gutierrez's circular argument that a court cannot raise a criminal's offense

---

defendant, unless otherwise prohibited by law") (citation omitted).

[6] *See* U.S.S.G. § 4A1.3; *United States v. Connely*, 156 F.3d 978, 984 (9th Cir.) (reasoning that upward departure under § 4A1.3 is "justified purely on the basis of defendant's likelihood of recidivism" and whether his likelihood of recidivism is under-represented by his criminal history category), *cert. denied*, 525 U.S. 1128 (1998).

[7] *See United States v. Kay*, 83 F.3d 98, 101 (5th Cir. 1996) ("A sentence may be found to be reasonable even though one or more of the reasons assigned in justification of the departure be deemed invalid, provided that the remaining reasons suffice to justify the departure.")

level to group him with defendants exhibiting more serious criminal conduct because raising his offense level would group the criminal with those who exhibit more serious criminal conduct.

## IV.

Having determined that the factors relied on were permissible, we consider whether they were sufficient to remove the case from the heartland of the applicable guideline, keeping in mind that when a district court determines that a set of factors removes a case from the applicable heartland, it is acting within its special competence. A court may depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes[.]" U.S.S.G. § 4A1.3, p.s.; *see also* 18 U.S.C. § 3553(b).

In *Ashburn*, 38 F.3d at 810, we affirmed the upward departure "in light of the evidence of numerous instances of past criminal conduct, which were not considered in the criminal history calculation, and the overwhelming indication that the defendant was inclined to return to a similar course of behavior." In *United States v. Harrington*, 114 F.3d 517, 519-20 (5th Cir. 1997), we affirmed the upward departure based on three prior contempt-of-court convictions and one prior reckless-driving conviction, which had not been included in the original computation of the criminal history category. The district court had reasoned that the convictions demonstrated the defendant's "manifold disrespect for the law and our judicial system."

*Id.* at 520.[8]

Under our standard of substantial deference, we conclude that the district court did not err in deciding that these factors removed Gutierrez's case from the heartland of the applicable guideline. The uncounted misdemeanor charges were particularly telling as to the seriousness of Gutierrez's criminal history. The fact that he was willing to attack and try to choke a police officer strongly supports the determination that this case is outside of the heartland of an offense level of 16. The likelihood that Gutierrez was in felony possession of stolen property three days after he pleaded guilty also strongly supports the determination that he presents more risk of recidivism than is typical of an offense level of 16.

Lastly, the charges that were dismissed pursuant to plea bargains provide further support for the departure. The fact that Gutierrez had earlier been charged with burglary of a motor vehicle and that he attempted to elude arrest on another occasion lends credence to the determination that this case is outside the heartland.

## V.

Having determined that the district court relied on permissible factors and did not err in deciding that these factors removed the case from the heartland of typical cases with offense levels of 16, we turn to the third

---

[8] *See also United States v. Pennington*, 9 F.3d 1116, 1118 (5th Cir. 1993) (concluding that defendant's long history of crime, which included several prior convictions that were not included in his criminal history calculation, "demonstrated a disrespect for the law not adequately reflected by a category VI criminal history").

question of the *Koon* test: whether the degree of departure is reasonable. Our review of the record, again with substantial deference to the trial court, leads us to conclude that the departure was reasonable.

By the time Gutierrez reached age 27, he had four felony convictions, each of which involved attempts to elude police and/or resist arrest. These facts, when considered with the related but uncounted misdemeanor convictions, the dismissed charges showing a history of theft and attempts to elude police, and the probability that Gutierrez returned to crime immediately after pleading guilty, are more than sufficient under the "substantial deference" standard to support the decision to depart upward three levels. *See Threadgill*, 172 F.3d at 375.

## VI.

Gutierrez contends that the court erred in increasing the offense level from 16 to 19 without stating adequate reasons why the intermediate offense levels of 17 and 18 were not adequate. This argument goes to the reasonableness of the departure. *See Threadgill*, 172 F.3d at 374.

When making an upward departure, a court should consider each intermediate criminal history category or offense level and explain why it is inadequate and why the sentence imposed was appropriate.[9] The policy statement provides:

> Where the court determines that the extent and nature of the defendant's

criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

§ 4A1.3, p.s.; *see also* § 3553(c)(2).

Although a court should indicate the reasons for its upward departure, it is not required

> to go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects. Ordinarily the district court's reasons for rejecting intermediate categories [or offense levels] will clearly be implicit, if not explicit, in the court's explanation for its departure from the category [or level] calculated under the guidelines and its explanation for the category [or level] it has chosen as appropriate.

*Lambert*, 984 F.2d at 663; *see also Daughenbaugh*, 49 F.3d at 175.

The district court did follow § 4A1.3 in moving incrementally down the guideline sentencing grid. Although it might have better explained its reasons for rejecting the intermediate offense levels, it is evident that it rejected those levels and rejected them as being inadequate.[10]

---

[9] *United States v. Daughenbaugh*, 49 F.3d 171, 175 (5th Cir. 1995) (offense levels); *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc) (criminal history categories).

[10] *See Lambert*, 984 F.2d at 663 ("Although the court''s decision could have been more explicitly

AFFIRMED.

tied to the incremental character of criminal history departures, we are satisfied that the appellate record presents a basis upon which we may reasonably conclude that the district court thoroughly considered the appropriate guidelines in arriving at its ultimate sentence.).