IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-10939

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HOWARD FRENCH,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas
4:01-CR-12-4-A

---

March 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Charles French challenges the sentence imposed following his plea of guilty and conviction for conspiracy to possess and conceal falsely made and counterfeited obligations of the United States in violation of 18 U.S.C. §§ 371, 471, and 472. The district court first concluded that French's criminal history category was IV and that the base offense level was 9, exposing him to a sentence of 12

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 18 months imprisonment, 2 to 3 years of supervised release, a special assessment of $100, and a fine of between $1000 and $10,000. The district court made an upward departure, and sentenced French to the statutory maximum term of 60 months imprisonment. Finding no abuse of discretion, we affirm.

We may review a sentence only if it was imposed: (1) in violation of law, (2) as the result of an incorrect application of the guidelines, (3) as the result of an upward departure, or (4) unreasonably for an offense not covered by the guidelines.[1] French challenges the district court's decision to depart upward from the Guidelines, which we review for an abuse of discretion.[2] "We will affirm a departure from the Sentencing Guidelines if it is based on 'acceptable reasons' and the degree of departure is 'reasonable.'"[3]

The district court departed upward by adjusting French's criminal history category from IV to VI. The Guidelines permit such an upward departure "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes."[4] The reasons for this decision were carefully

---

[1] *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).

[2] *United States v. Alford*, 142 F.3d 825, 830 (5th Cir. 1998).

[3] *United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998) (quoting *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996)).

[4] U.S.S.G. § 4A1.3.

detailed by the district court. Specifically, several prior convictions were not included in the criminal history calculation because they were consolidated for purposes of the Guidelines with other convictions or were too old to be considered under the Guidelines.[5] The district court noted French's long criminal career, beginning at age 19 and extending to age 41 for the current conviction, and concluded that French was a likely future offender.

While we have said that the district court, when adjusting the criminal history of a defendant upward, "should consider each intermediate criminal history category before arriving at the sentence,"[6] we have recognized that this does not "require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects."[7] The district court adequately stated its reasons for adjusting the criminal history category to VI. It did not need to "stop" and consider category V, because the defendant's prior convictions, if included, resulted in a criminal history category of VI.

The district court also chose to depart upward after adjusting the criminal history category to VI, to an offense level of 17,

---

[5] French had 14 prior convictions between 1978 and 1998 including narcotics offenses, theft, and numerous forgery convictions. At sentencing French was facing pending state charges for forgery (his specialty, it appears) and possession of a controlled substance.

[6] *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc).

[7] *Id.* at 663.

based on the same factors and resulting in a guideline range of 51 to 63 months. We find this departure to be reasonable, given French's multitudinous encounters with law enforcement over his expansive criminal career.[8]

AFFIRMED.

---

[8] *See* U.S.S.G. § 1B1.4 ("In determining ... whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.").