IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50826

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD FURLOW

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

---

(A-01-CR-60-ALL-SS)
March 19, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Furlow challenges the sentence imposed following his plea of guilty and conviction for fraud in connection with identification documents and use of an unauthorized access device in violation of 18 U.S.C. §§ 1028(a)(4), (c)(1), and 1029(a)(2). The probation officer determined that Furlow's criminal history score was 17, placing him in category VI, and that the offense level was 11, exposing him to a sentence of 27 to 33 months

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment and 2 to 3 years of supervised release.  The district court, on the Government's motion, made an upward departure, and sentenced Furlow to 51 months imprisonment.  Finding no abuse of discretion, we affirm.

We may review a sentence only if it was imposed: (1) in violation of law, (2) as the result of an incorrect application of the guidelines, (3) as the result of an upward departure, or (4) unreasonably for an offense not covered by the guidelines.[1]  Furlow challenges the district court's decision to depart upward from the Guidelines, which we review for an abuse of discretion.[2]  "We will affirm a departure from the Sentencing Guidelines if it is based on 'acceptable reasons' and the degree of departure is 'reasonable.'"[3]

The district court departed upward by adjusting Furlow's offense level from 11 to 15.  The Guidelines permit such an upward departure "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes."[4]  The reasons for this decision were carefully detailed by the district court.  First, the district court noted that a 1980 conviction for unlawfully carrying a weapon did not count towards

---

[1] *United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).

[2] *United States v. Alford*, 142 F.3d 825, 830 (5th Cir. 1998).

[3] *United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998) (quoting *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996)).

[4] U.S.S.G. § 4A1.3.

Furlow's criminal history, as it was too old. Second, the district court noted that Furlow's original criminal history score was higher than the threshold required for placement in category IV. Finally the court noted Furlow's violent[5] and narcotics-related[6] convictions and concluded that the likelihood of recidivism in Furlow's case was greater than that represented by his original criminal history score because he had committed these offenses usually within a very brief period after being released from incarceration.

While we have said that the district court, when adjusting the criminal history of a defendant upward, "should consider each intermediate criminal history category before arriving at the sentence,"[7] we have recognized that this does not "require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects."[8] The same logic holds when a defendant is already in criminal history category VI and the district court elects to depart upward by adjusting the offense level.[9] The district court in this case did not need to "stop" and

---

[5] Furlow had previous convictions for burglary of a habitat and aggravated robbery with a deadly weapon.

[6] These included convictions for delivery of cocaine.

[7] *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc).

[8] *Id.* at 663.

[9] *Id.*

3

consider offense levels 12, 13, and 14, because it stated reasons why smaller departures would not be sufficient. We find this departure to be reasonable, for the same reasons given by the able district court.[10]

AFFIRMED.

---

[10] *See* U.S.S.G. § 1B1.4 ("In determining ... whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.").