**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 91-1856**
_____


**UNITED STATES OF AMERICA**

**Plaintiff-Appellee,**

**versus**

**DAVID LAMBERT,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

February 16, 1993

Before POLITZ, Chief Judge, WISDOM, REYNALDO G. GARZA, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case concerns § 4A1.3 of the Sentencing Guidelines, which enunciates the procedure a district court must follow when departing upward from the guidelines sentence because a defendant's criminal history score inadequately reflects his culpability. A divided panel of this court affirmed Lambert's conviction but noted the intracircuit conflict in our approach to § 4A1.3. Proceeding en banc, we resolve the conflict by reaffirming the methodology for a § 4A1.3 criminal history departure first expressed in United States v. Lopez, 871 F.2d 513 (5th Cir. 1989). Inconsistent decisions in United States v. Harvey, 897 F.2d 1300, 1306 (5th

Cir.), cert. denied, _____ U.S. _____, 111 S. Ct. 568 (1990), and United States v. Geiger, 891 F.2d 512 (5th Cir. 1989), cert. denied, 494 U.S. 1087, 110 S. Ct. 1825 (1990), are overruled. Under the Lopez approach, as explained herein, the district court's sentence passes muster.

## I.

## BACKGROUND

Appellant Lambert pled guilty in April, 1991 to escaping from a federal halfway house. 18 U.S.C. § 751(a). The district court sentenced him to 36 months' imprisonment, twice the possible maximum term computed in accord with the guidelines.

The presentence report had suggested that Lambert's sentence might deserve an upward departure from the guidelines range because his criminal history category (V) tended to understate the seriousness of his criminal history or his potential for recidivism. Persuaded by the Presentence Investigation Report, the district court briefly summarized Lambert's criminal history at the sentencing hearing. In 1976, Lambert committed an armed robbery, for which he received two years imprisonment. Shortly after being released, Lambert used a pistol to rob a woman and the following day committed burglary in a store owned by the woman's family. Lambert was sentenced to ten years on the robbery count, six years on the burglary count, and served the terms concurrently. Seven years after the commencement of Lambert's incarceration at the Mississippi State Penitentiary, he was found in possession of forged U.S. Postal Service money orders. After Lambert was

discharged from the Mississippi facility, he began to serve a six-year term in federal prison and thereafter committed the instant offense.

At the sentencing hearing for the instant offense, the court stated:

> What really concerns me, first of all, are two offenses where weapons were used, first a knife and then a gun. But to show total disrespect for the law while you were incarcerated first in the Mississippi State Penitentiary [and] in there you committed a federal crime. While incarcerated in the federal penitentiary you committed another federal crime . . .

> The armed robbery and burglary convictions in 1978 were consolidated for sentencing, and they resulted only in three criminal history points. You haven't committed just one offense while in custody; you have committed two while lawfully incarcerated on other charges.

> If ever there was an instance where the guidelines did not adequately consider the seriousness of the offense that you have committed, considering your criminal history as a whole, this is that case.

> I'm of the opinion that your criminal history, particularly the two offenses committed while in lawful custody on other offenses, are significantly more serious than that of most defendants who are in this same criminal history category. And you're in a criminal history category of V, even after giving you the two points for the acceptance of responsibility. **VI is the highest.**

> **But I do not believe that the guidelines in this case adequately reflect the seriousness of the offense nor do they adequately provide punishment commensurate to the gravity of the offense in this case considering your criminal history category as a whole.**

[Emphasis added].

Accordingly, the court departed upward in sentencing Lambert. On appeal, Lambert's sentence was initially affirmed.

## II.

## DISCUSSION

Sentencing under the guidelines is based primarily on the evaluation of two variables: the offense level and the defendant's criminal history score. Each of these variables is assigned a point score according to the instructions given in the guidelines. The defendant's criminal history score, with which we are here concerned, is calculated by assigning points to prior convictions depending upon such factors as the length of the sentence and whether the instant offense was committed within two years of release from prison or while under any criminal sentence. The defendant is assigned to a criminal history category (from I to VI) based upon the criminal history point score. The sentencing range is then determined by cross-referencing the offense level with the defendant's criminal history category on the guidelines' sentencing table. The table sets sentencing ranges that allow the district court some latitude to fine tune the sentence to the character of the particular defendant and the circumstances of the offense.

A district court is not, however, utterly a slave to the guideline grids; it may depart upward or downward from the sentence range specified by the guidelines when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in

4

formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). When sentencing a defendant, the court "shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the court departs, i.e., imposes a sentence outside the range prescribed by the guidelines, the court must also state "the specific reason for the imposition of a sentence different from that described." Id.

Section 4A1.3 of the guidelines articulates that an upward departure sanctioned by § 3553(b) "is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." At the time of sentencing, the Sentencing Commission's § 4A1.3 offered the following guidance:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with a Category IV criminal history, the court should look to the guideline range specified for a defendant with a Category IV criminal history to guide its departure. The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for a Category VI criminal history is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a decision above the

5

guideline range for a defendant with a Category VI criminal history may be warranted.[1]

This court's first significant interpretation of § 4A1.3 occurred four years ago in United States v. Lopez, 871 F.2d 513 (5th Cir. 1989). The district court in Lopez had found that the defendant's criminal history score was zero, placing him in Category I, the lowest possible category. But rather than impose the guidelines-determined sentence, the district court departed from the guidelines and imposed a sentence equal to the maximum sentence for that offense for a defendant with a Category V criminal history. Noting that the district court had not considered any intermediate sentence ranges, this court vacated the district court's sentence, explaining:

> The Guidelines require sentencing courts first to consider upward adjustments of the criminal history category, where a defendant's score appears inadequately to reflect his or her history, before a departure sentence may be justified on this basis. Where this is not done, resentencing is appropriate.
>
> In so holding, we emphasize that in some cases involving defendants with low criminal history scores, it may be justified to impose a sentence reflecting a much higher criminal history category or to go beyond the range corresponding to the highest Category VI. However, in such cases the sentencing judge should state definitively that he or she has considered lesser adjustments of the criminal history category and must provide the reasons why such adjustments are inadequate.

871 F.2d at 515.

---

[1] The guidelines have since been amended. See infra.

6

Lopez, applying § 4A1.3 literally, explicitly instructed district courts considering an upward departure to evaluate the sentence ranges for each criminal history category above the defendant's assigned category and explain why it chose a particular sentencing range rather than some lesser range associated with a lower criminal history score.

After Lopez, some panels of this court have adopted its ruling, without regard to the defendant's criminal history category[2]; a few have attempted to limit Lopez to its facts by denying the benefit of a § 4A1.3 articulation to defendants in high criminal history categories[3]; and still others have simply overlooked Lopez.[4]  Other circuits have relied on Lopez and adopted, almost without exception, a strict approach to § 4A1.3.[5]

---

[2]    See United States v. Carpenter, 963 F.2d 736, 745 (5th Cir. 1992); United States v. Lee, 955 F.2d 14, 15-16 (5th Cir. 1992); United States v. Jones, 905 F.2d 867, 869-70 (5th Cir. 1990).

[3]    See United States v. Williams, 937 F.2d 979, 984 (5th Cir. 1991); Cantu-Dominguez, 898 F.2d at 971 (following Lopez, but recognizing the limitation announced in Harvey ); United States v. Harvey, 897 F.2d 1300, 1306 (5th Cir. 1990).

[4]    See, e.g., United States v. Carter, 953 F.2d 1449 (5th Cir. 1992); United States v. Sanchez, 893 F.2d 679 (5th Cir. 1990); United States v. Campbell, 878 F.2d 164 (5th Cir. 1989); United States v. Geiger, 891 F.2d 512 (5th Cir. 1989); United States v. Lopez-Escobar, 884 F.2d 170 (5th Cir. 1989); United States v. Rivera, 879 F.2d 1247 (5th Cir. 1989).

[5]    See Taylor v. United States, 493 U.S. 906, 110 S. Ct. 265 (1989) (Stevens, J., concurring in the denial of cert.) (agreeing with Lopez); United States v. Taylor, 937 F.2d 676, 683 (D.C. Cir. 1991); United States v. Johnson, 934 F.2d 1237, 1239 (11th Cir. 1991); United States v. Lassiter, 929 F.2d 267, 270 (6th Cir. 1991); United States v. Thomas, 906 F.2d 323, 329 (7th Cir. 1990); United States v. Summers, 893 F.2d 63, 68 (4th Cir. 1990); United States v. Coe, 891 F.2d 405, 412-14 (2d Cir. 1989).

In United States v. Harvey,[6] this court declined to compel adherence to the procedure recognized in Lopez, characterizing the earlier case as "narrow" and "confined to those cases with 'low criminal history scores.'" 877 F.2d at 1306. Under Harvey and cases that have followed it, a district court need consider higher criminal history categories only when the defendant has a low criminal history score; when the defendant is already in one of the higher categories, however, a district court may exercise its discretion and depart upward, as long as the sentence is reasonable. Id. That is, once the district court can provide adequate justification for departing from the guidelines, the sentence imposed by the district court is limited only by the statutory maximum sentence and the test of reasonableness. This line of reasoning is also followed by our cases which ignore Lopez altogether. See supra note 4.

Harvey and its progeny were apparently motivated by aversions both to straitjacketing district courts in the technicalities of the guidelines and to remanding for resentencing

See also United States v. Polanco-Reynoso, 924 F.2d 23, 25 (1st Cir. 1991); United States v. Fayette, 895 F.2d 1375, 1379 (11th Cir. 1990); United States v. Kennedy, 893 F.2d 825, 829 (6th Cir. 1990); United States v. Jackson, 883 F.2d 1007, 1009 (11th Cir. 1989); United States v. Cervantes, 878 F.2d 50, 54 (2d Cir. 1989). See generally United States v. Jackson, 921 F.2d 985, 991 (10th Cir. 1990) (en banc). The Court found in Jackson that even though the degree of departure arrived at by the sentencing court was not presumptively unreasonable, it had failed to explain the degree of departure and why it decided to exceed criminal history category VI. Thus even Jackson--a case that refuses to apply § 4A1.3 strictly--requires a remand in this case.

[6] 897 F.2d 1300 (5th Cir.), cert. denied, ____ U.S. ____, 111 S. Ct. 568, 112 L.Ed.2d 574 (1990).

8

in cases, like <u>Harvey</u> and the case before us, where it was plain that the upward departure would be eminently reasonable after it was properly explained by the district court. The cost of a resentencing proceeding is very high--in court time and in imposing on the prison system and the marshals to assure a defendant's removal from prison to court. Whether this cost is offset by the additional assurance of uniformity and adherence to proper guidelines procedures in cases like <u>Harvey</u> may seem dubious,[7] but it is not a choice committed to the courts by the sentencing guidelines. The Commission made that decision by writing its policy statement in § 4A1.3, which directs a district court to proceed in a methodical step-by-step manner in which it carefully considers each intermediate criminal category en route to the sentence it ultimately settles upon. Thus, although pursuing good intentions, <u>Harvey</u> essentially waived § 4A1.3 for defendants in high criminal history categories. <u>Harvey</u> misapplied § 4A1.3.

Moreover, following <u>Williams v. United States</u>, ____ U.S. ____, 112 S. Ct. 1112 (1992), it cannot be contended that courts may discount the Sentencing Commission's policy statements explaining the guidelines. <u>Williams</u> held that a departure from the guidelines sentence is infected by reversible error if it was based

---

[7] <u>See</u>, <u>e.g.</u>, Bruce M. Selya & Matthew R. Kipp, <u>An Examination of Emerging Departure Jurisprudence Under the Federal Sentencing Guidelines</u>, 67 Notre Dame L. Rev. 1, 49 (1991). While Selya and Kipp are correct that a court reviewing a sentence should not focus exclusively on "the intricacies of the calculations that produced it," there is no reason to think that Congress intended such departure sentences to be made almost entirely outside the scope of the Guidelines.

9

on a misinterpretation of the policy statement accompanying the guideline. ____ U.S. at ____, 112 S. Ct. at 1119.[8] Williams fortifies our reliance on the Lopez approach to application of § 4A1.3.[9] Because Lopez and Williams are inconsistent with Harvey, we must overrule Harvey and its progeny[10] to the extent they suggest that defendants in high criminal history categories deserve less protection than defendants in low criminal history categories.[11] Furthermore, we reaffirm our holding in Lopez that a district court must evaluate each successive criminal history category above or below the guideline range for a defendant as it determines the proper extent of departure.

We recognize that in some cases the district court may be justified in imposing a sentence that reflects a much higher criminal history category or in going beyond the guidelines completely. When making such a departure, the district court should consider each intermediate criminal history category before arriving at the sentence it settles upon; indeed, the court should

_____

[8] 18 U.S.C. § 3742(f) states that a sentence must be reversed on appeal if it was imposed "as a result of an incorrect application of the sentencing guidelines."

[9] See United States v. Ayers, 946 F.2d 1127, 1130-31 (5th Cir. 1991).

[10] See, e.g., Williams, 937 F.2d at 984; United States v. Rogers, 917 F.2d 165, 169-70 (5th Cir. 1990); United States v. Fields, 923 F.2d 358, 361 (5th Cir. 1991); United States v. Rogers, 917 F.2d 165, 169-70 (5th Cir. 1990).

[11] See, e.g., Williams, 937 F.2d at 984; United States v. Rogers, 917 F.2d 165, 169-70 (5th Cir. 1990); United States v. Fields, 923 F.2d 358, 361 (5th Cir. 1991); United States v. Rogers, 917 F.2d 165, 169-70 (5th Cir. 1990).

state for the record that it has considered each intermediate adjustment. Further, it should explain why the criminal history category as calculated under the guidelines is inappropriate and why the category it chooses is appropriate. If the district court finds that it is necessary to go beyond the guidelines, the court must give adequate reasons why the guideline calculation is inadequate and why the sentence it imposes is appropriate.

We do not, however, require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects. Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate. In a very narrow class of cases, we can conceive that the district court's departure will be so great that, in order to survive our review, it will need to explain in careful detail why lesser adjustments in the defendant's criminal history score would be inadequate. Also, in some cases it will not be evident simply from the stated ground for departure why a sentence commensurate with a bypassed criminal history category was not selected; in that event, the appellate court must be able to ascertain from the reasons given for the sentence selected, read in the context of the record as a whole, the legitimate basis or bases on which the district court deemed the by-passed category inadequate.

We find additional support for these requirements in the Sentencing Commission's November 1, 1992, amendment to § 4A1.3 regarding departures above criminal history Category VI. According to the amendment, when a district court intends to depart above Category VI, it should still stay within the guidelines by considering sentencing ranges for higher base offense levels. This amendment emphasizes the Commission's concern for systematic, uniform sentences even in cases where a departure is appropriate. In addition, it virtually compels the district court to follow an approach to departures that considers the guidelines grid on a step by step basis and carefully to explain the basis for the sentence it settles upon.

### III

### APPLICATION

"A departure from the guidelines will be affirmed if the district court offers 'acceptable reasons' for the departure and the departure is 'reasonable.'" United States v. Velasquez-Mercado, 877 F.2d 632 (5th Cir.) (quoting United States v. Mejia-Orosco, 867 F.2d 216, 219 (5th Cir.) cert. denied, 493 U.S. 866, 110 S. Ct. 187 (1989)). The specific questions before us today are whether the district court adequately articulated its decision based on the Lopez step-by-step approach to criminal history departures and whether the district court imposed a reasonable sentence.

Although the court's decision could have been more explicitly tied to the incremental character of criminal history

12

departures, we are satisfied that the appellate record presents a basis upon which we may reasonably conclude that the district court thoroughly considered the appropriate guidelines in arriving at its ultimate sentence.[12]  In this case, Lambert's presentence report calculated a criminal history category of V.  The district court set out specifically the factors that the guidelines did not take into account: that Lambert used weapons in two of his crimes, that two of his previous crimes were committed while serving time for other crimes, and that two crimes were counted as only one because they had been consolidated.  The court explicitly noted that an upward departure of one level would put Lambert in criminal history category VI, the highest category.  Departing up one level, to criminal history category VI, the highest category, would have increased the defendant's maximum sentence only by three months.  The district court specifically concluded that the guidelines did

_____

[12]     Even if we were to conclude that the district court did not follow <u>Lopez</u> here, because it failed precisely to articulate the impact of category VI on appellant's ultimate sentence, we would not reverse, because the error here is harmless.  Under <u>Williams</u>,

> 3     [O]nce the court of appeals has decided that the district court misapplied the guidelines, a remand is appropriate <u>unless</u> the reviewing court concludes, on the record as a whole, that the error was harmless, **i.e.**, that the error did not affect the district court's selection of the sentence imposed.

<u>Williams</u>, 112 S. Ct. at 1120-21.

The linchpin of this case is the fact that a criminal history category of VI would only increase Lambert's sentence by 3 months.  The district court's § 3553 reasons very adequately state why a three month upward departure is inadequate.

not reflect the seriousness of the Lambert's criminal history taken as a whole.

The district court gave unimpeachable reasons for an upward departure, and those reasons clearly demonstrate that an additional three months of incarceration would have been inadequate. We think that this appeal is one of the cases in which the district court's explanation for its sentence also explains why it rejected a lesser departure. Indeed, it is not clear what else the court could have said to explain its sentence other than to repeat the various factors in the defendant's criminal history for which the guidelines did not account. As we have earlier stated, we will not require the district court to ritualistically discuss each criminal history category it rejects.

The final question is whether the 18-month departure imposed by the district judge was reasonable in light of his articulated basis for departure. We hold that it was. The ultimate sentence rose from 18 months to 36 months imprisonment, but this result is not disproportionate in light of Lambert's consistent, serious criminal history.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.