IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50350
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD DAVID REED,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(A-96-CR-19_
- - - - - - - - - -
December 6, 1996

Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

Floyd Reed has appealed his sentence of 120 months confinement for a bank robbery which he committed by using a handgun. There is no merit to his contention that the upward departure, based on a criminal history category of VI rather than III, was excessive. See United States v. Ashburn, 38 F.3d 803, 807-10 (5th Cir. 1994)(en banc), cert. denied, 115 S. Ct. 1969 (1995). Nor did the district court rely on an improper ground

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for departure.  Reed argues that the district court sentenced him as a career offender based on a 1968 robbery conviction that was too remote to count toward his criminal history score.  Contrary to Reed's contention, the district court did not sentence him as a career offender.  If Reed had been a career offender, his base offense level would have been 34 instead of 20, which would have resulted in a guideline range of 262 to 327 months.  Reed was only sentenced to 120 months.  Furthermore, the district court did not plainly err by not stating on the record why a sentence based on criminal history category IV or V was not appropriate. See United States v. Lambert, 984 F.2d 658, 662-64 (5th Cir. 1993)(en banc).

AFFIRMED.