IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50516
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIE HOLLOWAY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-424-ALL
--------------------
March 28, 2002

Before KING, Chief Judge, and JOLLY and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Willie Holloway appeals his conviction and sentence for possession of cocaine base with the intent to distribute. He first argues that the statutes under which he was convicted and sentenced, 21 U.S.C. §§ 841(a)(1) and (b)(1), were unconstitutional following Apprendi v. New Jersey, 530 U.S. 466 (2000). As Holloway concedes, however, this argument is barred by United States v. Slaughter, 238 F.3d 580, 581-82 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Holloway next contends that the district court erred in departing upwardly from the applicable guidelines range. He argues that the district court gave insufficient reasons for departing, that it did not adequately explain why intervening levels were inappropriate, and that the departure was excessive. Each of these arguments is unavailing.

The district court explained that its departure was based on the fact that Holloway's criminal history score significantly underrepresented his criminal past. It relied on the extensiveness of Holloway's criminal past; the similarity of his past drug offenses, including those which did not result in criminal convictions; and the fact that, at the time of his arrest, Holloway awaited sentencing in another state-court conviction for cocaine possession. Id. Each of these factors is a proper ground for departure. See U.S.S.G. § 4A1.3 (p.s.) & comment. (backg'd).

Holloway's contention that the district court relied on improper speculation regarding prior uncharged criminal conduct is without merit. Although it is true that a court may not rely on a defendant's "prior arrest record itself" (§ 4A1.3), as explained above, the district court did not rely solely on Holloway's prior arrest record. Moreover, the court complied with the guideline's directive that it consider "prior similar adult criminal conduct not resulting in a criminal conviction." § 4A1.3(e).

Holloway's argument that the district court did not adequately explain its reasons for rejecting intermediate levels

before reaching its determination that level 33 was appropriate is similarly unavailing. The district court followed the correct procedure for departing upwardly from a criminal history score of VI. See United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc); § 4A1.3. It stated for the record that it had considered the intermediate levels before determining that level 33 was appropriate. See Lambert, 984 F.2d at 662. The court was not required to engage in a mechanical, ritualistic approach of specifying its reasons for rejecting each intermediate level. Id. at 663. The district court's reasons for rejecting the intermediate levels are, if not explicit, implicit in its reasons for upwardly departing; it did not believe that the intervening levels were sufficient to address the combination of the extensiveness and consistency of Holloway's criminal past with respect to his propensity for committing drug-related crimes. This explanation, read in context of the appellate record, was sufficient. See id.; see also United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994) (en banc). The district court's departure was not so drastic as to fall within the very narrow class of cases when a more detailed explanation is required. See id.

To the extent that Holloway argues that the district court's departure was unreasonably extensive, his argument likewise fails. The departure was not greater than other departures approved by this court. See Ashburn, 38 F.3d at 809 (affirming departure which doubled the recommended guidelines range); Lambert, 984 F.2d at 664 (same).

The district court's reasons for the upward departure were sufficient, and its departure was not an abuse of discretion. Holloway has not demonstrated any error in the district court's judgment, and the judgment is therefore AFFIRMED.