IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51036
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

CARLOS GARCIA-FLORES, also known as Moises Garcia, also
known as Carlos Garcia, also known as Flores Carlos Garcia, also
known as Carlos F. Garcia,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-432-ALL
--------------------
May 29, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Carlos Garcia-Flores ("Garcia") appeals his 50-month

sentence for illegal reentry after removal, in violation of 8

U.S.C. § 1326.  Garcia challenges the district court's upward

departure pursuant to U.S.S.G. § 4A1.3, p.s., which allows a

departure when a defendant's criminal history category does not

adequately reflect the seriousness of his past criminal conduct

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or the likelihood that the defendant will commit other crimes. We review the district court's decision to depart from the Sentencing Guidelines for abuse of discretion. United States v. Winters, 174 F.3d 478, 482 (5th Cir. 1999); United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).

We find that the district court stated acceptable reasons for departure. See U.S.S.G. § 4A1.3, p.s.; United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997). Furthermore, in explaining its upward departure to offense level 15, the district court indicated that it had considered intermediate offense levels. See United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc). We also conclude that the sentence imposed was reasonable in light of the nature and extent of Garcia's prior convictions, both counted and uncounted. See United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998) (affirming upward departure based in part on uncounted convictions).

Garcia also argues that because his indictment did not allege a prior felony conviction, it charged only a violation of 8 U.S.C. § 1326(a), which carries a maximum sentence of two years' imprisonment. Garcia acknowledges that this argument was rejected in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

AFFIRMED.