**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20357**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DAVID ALAN ZOVATH,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-422-1
--------------------
June 7, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

David Alan Zovath appeals his sentence following his guilty plea to a charge of forging the signature of a federal bankruptcy judge. As part of his plea agreement, Zovath waived the right to appeal his sentence, but reserved the right to appeal the district court's upward departure from the sentencing guidelines. A district court's decision to depart from the guidelines is reviewed for abuse of discretion. United States v. Ashburn,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

38 F.3d 803, 807 (5th Cir. 1994)(en banc).  Zovath has not shown that consideration of his character and conduct for upward departure is prohibited by law.  See id.; U.S.S.G. § 1B1.4.

Zovath argues (1) that there was insufficient basis for an upward departure, and (2) that the district court gave no explanation for why it bypassed intermediate offense levels in choosing a six-level upward departure.  United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993)(en banc)(departure pursuant to § 4A1.3).  We reject the first contention, inasmuch as the evidence of bankruptcy court fraud, a theft charge and outstanding warrants show that appellant has a longstanding and complete lack of respect for the judicial process not taken into account by the guidelines for the offense of conviction.  Second, as to the extent of departure, the district court stated that it had determined that a sentencing range of 18 to 24 months was appropriate.  The district court was not required to discuss each category rejected.  Id. ; see also United States v. Lara, 975 F.2d 1120, 1125 n.3 (5th Cir. 1992).  The district court did not abuse its discretion in departing upward six offense levels.

Zovath argues that the judge should have recused himself because of information submitted in relation to his request to be released on bond.  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated

favoritism or antagonism that would make fair judgment impossible."

<u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  The district court did not abuse its discretion in denying the recusal motion.

**AFFIRMED.**