IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-20092

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO PADILLA-ALVAREZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(01-CR-599)

---

October 10, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Armando Padilla-Alvarez appeals the sentence imposed following his guilty plea to one count of illegally re-entering the United States in violation of 8 U.S.C. § 1326. He presents several arguments on appeal, all of which stem from the district court's decision to depart upward from the guideline sentencing range.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and the briefs submitted by the parties and conclude that the district court did not commit clear error in determining that Padilla's criminal history category underrepresented the seriousness of his past criminal conduct, and we perceive no abuse of discretion in the district court's decision to depart upward on that basis.[1] The district court adequately, if implicitly, stated its reasons for rejecting intermediate offense levels when it departed upward.[2] A district court's finding "[t]hat a defendant's criminal history category does not adequately reflect the seriousness of a defendant's past criminal conduct is a factor *not* taken into account by the Guidelines and is a permissible justification for upward departure."[3] Finally, under the circumstances presented to the district court, the extent of the upward departure was reasonable.[4]

AFFIRMED.

---

[1] *See United States v. Laury*, 985 F.2d 1293, 1310 (5th Cir. 1993).

[2] *See United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (*en banc*).

[3] *Laury*, 985 F.2d at 1310 (citations and internal quotation marks omitted).

[4] *See United States v. Hawkins*, 87 F.3d 722, 728 (5th Cir. 1996).