IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30302
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

TERRANCE E. WILLIAMS, also known as Gangsta,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CR-57-1-B)
--------------------
January 14, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Terrance E. Williams appeals the sentence imposed at his resentencing following his plea of guilty to engaging in a continuing criminal enterprise involving controlled-substances offenses and solicitation of murder. At resentencing, the district court imposed a life sentence after departing upward on the express ground that Williams's criminal history category did not adequately reflect the seriousness of his criminal history or the likelihood that he would commit other crimes. See U.S.S.G. §

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4A1.3, p.s. Williams contends that the district court erred by not considering intermediate offense levels under the sentencing guidelines when it departed from an offense level of 35 to one of 43.

We review an upward departure for abuse of discretion. <u>United States v. Cade</u>, 279 F.3d 265, 270 (5th Cir. 2002). As is well-established, we do not "require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects." <u>United States v. Lambert</u>, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). As we are able to discern a basis for the district court's rejection of intermediate offense levels to reach the level it used in imposing Williams's sentence, we conclude that the court's implicit methodology was sufficient. <u>See</u> <u>id.</u>

AFFIRMED.