**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30932
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDA ANN HOLMES EDMOND,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50112-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Freda Ann Holmes Edmond appeals the 96-month sentence
imposed by the district court upon her guilty plea to 40 counts
of aiding in the preparation of false tax returns. The district
court departed from the guidelines range because Edmond's
calculated criminal history category did not accurately reflect
the seriousness of her past criminal history, or the likelihood
that she would commit other offenses. The court further
determined that although the six convictions for which Edmond was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not assessed any criminal history points were old, "all of these convictions involve theft or fraud which are prior adult convictions similar to the offense before the court."

A district court may depart from an otherwise applicable guideline range "when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes."  U.S.S.G. § 4A1.3, p.s.  This court reviews an upward departure for an abuse of discretion.  United States v. Winters, 174 F.3d 478, 482 (5th Cir. 1999); see also United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).  The reasonableness of the extent of a departure is to be determined in light of the reasons for departure.  See United States v. Hawkins, 87 F.3d 722, 730-31 (5th Cir. 1996).

In United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993)(en banc), this court rejected the notion that a district court, when departing on the basis of § 4A1.3, must "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects."  The district court did not refer expressly to category VI or to any of the intermediate criminal history categories it implicitly rejected by its sentence of 96 months of imprisonment.  However, it is apparent from the record that the court deemed the bypassed categories to be inadequate because they did not accurately reflect the seriousness of Edmond's past

history or the likelihood that she would commit other offenses. Thus, the record presents a basis upon which this court may reasonably conclude that the district court thoroughly considered the appropriate guidelines in arriving at its ultimate sentence.

As noted by the district court, Edmond has a long history of offenses involving fraud and theft. She continued to commit the same types of offenses, despite arrest and prosecution, including her arrest for the instant offense. No abuse of discretion has been shown.

AFFIRMED.