United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-11177
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SIDNEY JAMES BRASS, also known as Sid Brass,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas
(2:03-CR-81-ALL)**

Before BARKSDALE, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:[*]

Sidney James Brass appeals the 46-month sentence imposed following his guilty-plea conviction for making false statements to a bank. He contends the district court abused its discretion when it upwardly departed from criminal history category II to criminal history category V without setting forth the methodology for departure. The district court's decision to depart was permissible under 18 U.S.C. § 3742(e)(3)(A) & (B). *United States v. Bell*, ___ F.3d ___, No. 03-20194 (5th Cir. 19 May 2004), 2004 WL 1114580 at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*3. Therefore, we review the extent of the departure for abuse of discretion and will affirm the sentence if the degree of the departure is reasonable. *Id.*; *United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994)(en banc).

Although a district court is required to explain both why the criminal history category as calculated under the guidelines is inappropriate and why the category it chooses is appropriate, it is not required to engage in a mechanical, ritualistic approach of specifying its reasons for rejecting each intermediate criminal history category. *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc). The district court's reasons for rejecting the intermediate criminal history categories are implicit in its reasons for departing upward. *Id*. at 663. Moreover, departing from a guideline range of 21 to 27 months to 46 months' imprisonment is reasonable when compared to other departures that we have upheld. *See* *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995); *Ashburn*, 38 F.3d at 809.

Bass also contends the district court erred by considering as a basis for the departure: dissimilar conduct; and two previous theft convictions which had already been used to compute his criminal history category. These grounds were properly relied upon for departure.

Bass has moved for leave to file a supplemental brief contending that his sentence violates *Blakely v. Washington*, ___

2

U.S. \_\_\_ (24 June 2004), 2004 WL 1402687; the motion is **GRANTED**.

*Blakely* does not apply to the United States Sentencing Guidelines. *United States v. Pineiro*, \_\_\_ F.3d \_\_\_, No. 03-30437 (5th Cir. 12 July 2004), 2004 WL 1543170.

***MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; AFFIRMED***