United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10777
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VLADIMIR ORDONES-BARRERA, also known as Rigoberto Prieto, also
known as Rodolfo Alcantara, also known as Baldimir Ordones, also
known as Alberto Alonso Miranda,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-69-ALL-A)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Vladimir Ordones-Barrera (Ordones) appeals
the sentence imposed by the district court following his conviction
for illegal re-entry.  The 150-month term of imprisonment imposed
by the district court represents an upward departure from the 77-96
month range determined under the Sentencing Guidelines.  Ordones
argues that the district court abused its discretion in upwardly
departing under U.S.S.G. § 4A1.3.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo a district court's compliance with 18 U.S.C. § 3742(e)(3)(A) & (B). See United States v. Bell, 371 F.3d 239, 242-43 (5th Cir. 2004). Here, the district court provided a written statement of reasons for its departure as required under 18 U.S.C. § 3553(c). Based on that statement, as well as our review of the record, we are satisfied that the district court's sentence (1) advanced the objectives set forth in 18 U.S.C. § 3553(a)(2), (2) was authorized under 18 U.S.C. § 3553(b), and (3) was justified by the facts of the case. See 18 U.S.C. § 3742(e)(3)(A) & (B).

We agree with the district court that a departure was justified under U.S.S.G. § 4A1.3, because Ordones's criminal history score did not adequately reflect his criminal background. Ordones's contention that the district court improperly considered his arrests and pending charges is not supported by the record.

We review the extent of a departure for abuse of discretion. See Bell, 371 F.3d at 243. Under that standard, we will affirm if the degree of the departure is reasonable. See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc).

An upward departure is warranted when the criminal history category significantly underrepresents the seriousness of the defendant's criminal history or the likelihood that he will commit further crimes. See U.S.S.G. § 4A1.3. In light of Ordones's criminal history and likelihood of recidivism, as discussed by the district court, as well as the need to punish Ordones and deter

2

future criminal activity, the district court's departure to a sentence of 150 months' imprisonment was not an abuse of discretion, see Ashburn, 803 F.2d at 807, and does not represent an unreasonable departure above the applicable guidelines range. See 18 U.S.C. § 3742(e)(3)(C).

As we have determined that the sentence of 150 months' imprisonment does not unreasonably depart above the applicable guidelines range, factoring in the district court's use of an incremental procedure to structure the departure, see U.S.S.G. § 4A1.3, we reject Ordones's argument that the district court failed to justify the extent of its departure. See United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

AFFIRMED.