United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-30382
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE J. MINSHEW, also known as Ronnie Minshew,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02:03-CR-319-ALL-1

———————————

Before GARWOOD, JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie J. Minshew appeals his sentence for escape from custody. *See* 18 U.S.C. § 751(a). He argues that the district court erred in departing upward from the guidelines pursuant to U.S.S.G. § 4A1.3 and imposing the statutory maximum sentence of 60 months. He contends that the court should have selected his

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence by considering successive increments above the guideline range. This argument is without merit, as the court's basis for its upward departure was lawful and the degree of departure did not reveal an abuse of discretion. *See* U.S.S.G. § 4A1.3(a)(1), (2)(A), (4); *see also* § 4A1.2, Application Note 8; *United States v. Bell*, 371 F.3d 239, 243 (5th Cir. 2004), *cert. denied* (U.S. Oct. 4, 2004) (No. 04-5954); *United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc); *United States v. Lambert*, 984 F.2d 658, 663-64 (5th Cir. 1993) (en banc). The district court expressly stated "I have considered an intermediate adjustment in arising [sic] [arriving] at this sentence." There is no requirement that the district court "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects." *Ashburn*, 38 F.3d at 809; *see also Lambert*, 984 F.2d at 663. The district court had ample reasons for upward departure in setting Minshew's sentence, including repeated convictions for escape, commission of crimes while incarcerated, and excessive criminal history points for Category VI. Minshew's reliance on *United States v. Cross*, 289 F.3d 476, 4778-79 (7th Cir. 2002), is misplaced. In that case, unlike the instant case, the court openly abandoned the guidelines altogether.

Minshew's argument that the court plainly erred in increasing his sentencing exposure on the basis of prior convictions that were

2

neither charged in the indictment nor found by a jury beyond a reasonable doubt is foreclosed. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000). To the extent that he relies on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), his argument is foreclosed by *United States v. Piniero*, 377 F.3d 464, 465 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.