United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40822
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL CORONA-MAJATCA, also known as Tony Ayala, also known as Saul
Corona, also known as Antonio Abila, also known as Tony Abila,
also known as Saul Avila, also known as Julian Juan Ruiz, also
known as Antonio S. Ayala,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-157-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Saul Corona-Majatca pleaded guilty to being an alien found in

the United States illegally after having previously been deported.

Corona-Majatca argues that the district court erred in departing

upwardly from the Sentencing Guidelines because his criminal

history was in fact accurately represented in the presentence

report and within the heartland of the guidelines. Corona-Majatca

also argues that the district court failed to conduct a proper

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward departure by not explaining the methodology it used to arrive at his sentence.

After United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). We review the district court's decision to depart upwardly and the extent of that departure for abuse of discretion. United States v. Zuniga-Peralta, ___ F.3d ___, No. 04-50575, 2006 WL 522459, at *2 (5th Cir. Mar. 6, 2006). "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) 'advance the objectives set forth in 18 U.S.C. § 3553(a)(2)' and 2) 'are justified by the facts of the case.'" Id. (citations omitted).

The district court departed under U.S.S.G. § 4A1.3. At sentencing, the district court evaluated the guideline range and articulated its reasons for deviating from the range. The court discussed Corona-Majatca's criminal history in some detail and why it believed that his criminal history was underrepresented. We do not require the district court "to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects." United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993). In this case, the record "makes abundantly clear, through the court's adoption of the PSR, its statements at sentencing and its Statement of Reasons, the reasons for an upward departure." Zuniga-Peralta,

2006 WL 522459 at *2.  The amount of the upward departure, i.e., 19 months, was not an abuse of discretion in light of Corona-Majatca's criminal history.  See id.  The judgment of the district court is AFFIRMED.