**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**July 31, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20538
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WAYNE KING,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-461-ALL
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Ronald Wayne King appeals the sentence imposed following his guilty-plea conviction for possessing a firearm subsequent to a felony conviction. The 51-month sentence included an upward departure from Criminal History Category VI pursuant to U.S.S.G. § 4A1.3.

King argues that the district court reversibly erred in departing upwardly by two offense levels under § 4A1.3. He contends that, because most of his prior convictions were for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misdemeanors, the district court erred by concluding that he had an egregious, serious criminal history warranting an upward departure.

Although King's extensive criminal record included some relatively minor offenses, he also had convictions for unauthorized use of vehicles and for possession of codeine. This court has stated that "drug crimes, and theft ... pose an obvious danger to society." United States v. Lee, 358 F.3d 315, 329 (5th Cir. 2004). In view of the extent and nature of King's criminal history, the district court did not abuse its discretion in departing upwardly. See id.; § 4A1.3(a).

King also contends that the district court erred by failing to consider the intermediate offense level on the sentencing table and by failing to explain why the intermediate level was inadequate. In only a "very narrow class of cases" will "the district court's departure be so great that, in order to survive our review, it will need to explain in careful detail why lesser adjustments" are inadequate. United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). The district court's implicit explanation for rejecting the intermediate offense level is sufficient in this case. See id.; see also United States v. Ashburn, 38 F.3d 803, 809-10 (5th Cir. 1994)(en banc).

AFFIRMED.