# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

No. 13-30644
Summary Calendar

UNITED STATES OF AMERICA,

                            Plaintiff-Appellee

v.

JAMES CHRISTOPHER WEEKS,

                            Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-296-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

James Christopher Weeks appeals the 192-month sentence imposed following his guilty plea conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. He argues that the district court plainly erred by failing to follow the method for calculating the extent of the departure, which was 67 months above his guidelines range, as set forth in U.S.S.G. § 4A1.3(a)(4)(B). He contends that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was required under Section 4A1.3 to evaluate each successive criminal history category and to state for the record that it considered each intermediate adjustment but failed to do so.  As he acknowledges, because he did not object to his sentence in the district court, review is for plain error.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Section 4A1.3 authorizes the district court to depart upward from the guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  § 4A1.3(a)(1); *see United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).  An upward departure under Section 4A1.3 is made by adjusting the defendant's offense level "incrementally down the sentencing table to the next higher offense level."  § 4A1.3(a)(4)(B).  Although the district court should consider, and state for the record that it has considered, each intermediate offense level before arriving at the sentence it finds appropriate, the district court is not required to explain why it rejected intermediate offense levels, provided that its explanation for the departure makes clear, either implicitly or explicitly, why the intermediate offense levels are inadequate and why the chosen offense level is appropriate.  *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc); *United States v. Daughenbaugh*, 49 F.3d 171, 175 (5th Cir. 1995).

Although the district court did not explicitly state for the record that it considered each intermediate adjustment, the record reflects that the district court based the upward departure on Weeks's under-represented criminal history, which included unscored convictions for battery and aggravated assault with a deadly weapon, and that the district court implicitly found that intermediate adjustments to the guidelines range were inadequate and that

No. 13-30644

the extent and nature of Weeks's criminal history warranted a 192-month sentence. *See United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir. 1994)*; Lambert*, 984 F.2d at 662. Further, although Weeks asserts that the 67-month departure was substantial, this case is not among the "very narrow class of cases" where the departure is "so great" that the district court must "explain in careful detail why lesser adjustments in the defendant's criminal history score would be inadequate." *Lambert*, 984 F.2d at 663. Even assuming that further explanation was required by the district court, Weeks has not shown that there is a reasonable probability that the district court would have imposed an imprisonment term of less than 192 months if it had explicitly followed the methodology required under § 4A1.3(a)(4)(B). *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.