United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10709
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CARBAJAL-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-00035-ALL
---------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Jose Carbajal-Martinez appeals his 180-month sentence following his guilty-plea conviction for illegal reentry into the United States following a deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). Carbajal contends that the district court erred in departing upward from a guideline sentencing range of 77 to 96 months.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carbajal argues that the district court made several erroneous factual findings. After reviewing the record, we conclude that the district court's factual findings regarding the nature and extent of Carbajal's criminal history were not clearly erroneous. See United States v. Harris, 293 F.3d 863, 871 (5th Cir.), cert. denied, 537 U.S. 950 (2002).

Carbajal also argues that the district court's reasons for departure were not supported by the facts of the case. The district court correctly found that Carbajal's criminal history category significantly under-represented the seriousness of his criminal history. Additionally, his criminal history category failed to adequately reflect Carbajal's likelihood for recidivism. Thus, whether the standard of review is abuse of discretion or de novo, the district court did not err in departing upward under U.S.S.G. § 4A1.3, p.s. See U.S.S.G. § 4A1.3, p.s.

The district court's reasons for departure, which included deterrence and the protection of the public, were acceptable. See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). The extent of the departure was reasonable and, at sentencing, the district court adequately articulated its reasons for the extent of the upward departure. See United States v. Daughenbaugh, 49 F.3d 171, 175 (5th Cir. 1995); United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

Carbajal argues that the district court did not give sufficiently specific written reasons for the extent of its upward

departure.  This argument lacks merit.  In the written order of judgment, the district court adopted, by reference, as its reasons the factual findings and legal conclusions found in the presentence report and those made at sentencing.  Thus, the district court did give specific reasons for the extent of the departure.  <u>See</u> 18 U.S.C. § 3553(c).

AFFIRMED.