United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 03-10709

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE CARBAJAL-MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
m 4:03-CR-35-ALL

Before SMITH and WIENER,
   Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed Jose Carbajal-Martinez's sentence. *United States v. Carbajal-Martinez*, 87 Fed. Appx. 368 (5th Cir. 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Carbajal-Martinez v. United States*, 125 S. Ct. 1110 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Carbajal-Martinez claims there is error under *Booker* because the district court, rather than a jury, made what we described in our initial opinion as "factual findings regarding the nature and extent of Carbajal's criminal history." The district court largely adopted the recommendations in the presentence report, which narrated some of the details of Carbajal-Martinez's past crimes.

The government claims there is no *Booker* error because the district court used the facts regarding Carbajal-Martinez's criminal past to justify an upward departure, which, as the government states, "was not mandated by the guidelines, but was within the district court's discretion." Even assuming *arguendo* that the court made findings that would violate *Booker*, it is undisputed that Carbajal-Martinez did not raise a Sixth Amendment objection or complain that the facts at issue must be decided by a jury if not admitted to by the defendant. So, even if there was *Booker* error, the government correctly contends, in the alternative, that the plain error standard of review should apply because Carbajal-Martinez did not preserve a Sixth Amendment error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If there is plain error here, only the first two prongs are satisfied.

With regard to the third prong, under *Mares*, "the defendant rather than the government bears the burden of persuasion with respect to prejudice." *Mares*, 402 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). To show that his substantial rights are affected, Carbajal-Martinez must "point[] to . . . evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor*, No. 03-10167, 2005 U.S. App. LEXIS 8701, at *4 (5th Cir. May 17, 2005) (per curiam) (citations omitted). In other words, "the pertinent question is whether [the defendant] demonstrated that the sentenc-

---

[*] Judge Duhé was a member of this panel when the opinion issued on February 12, 2004. Although he remains a Senior Circuit Judge on this court, he is currently not hearing cases. Accordingly, this matter is decided by a quorum. *See* 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing judge⸻sentencing under an advisory scheme rather than a mandatory one⸻would have reached a significantly different result." *Mares*, 402 F.3d at 521.

Carbajal-Martinez has presented nothing to satisfy that burden. The district court's considerable departure (from a guidelines range of 77-96 months to a sentence of 180 months) shows that the court was not influenced by any factual findings that may have affected the calculation of the range. Accordingly, the judgment of sentence is AFFIRMED.