United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20991
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANTONIO MONTES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-199
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Antonio Montes appeals the sentence imposed following his guilty plea to illegal reentry. He argues that the district court's 15-month upward departure was plainly unreasonable. We need not decide whether Montes' sentence was a Guidelines or non-Guidelines sentence because, in either case, his sentence was not plainly unreasonable. See United States v. Jones, 444 F.3d 430, 441 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006).

If the district court imposed a Guidelines sentence, the nature of Montes' prior offense and the six-month period within

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he reoffended after deportation were factors present to an exceptional degree warranting a departure, even if the period within which he reoffended had already been taken into consideration when calculating his criminal history score. See United States v. Saldana, 427 F.3d 298, 309-10 (5th Cir.), cert. denied, 126 S. Ct. 810 (2005). If the district court instead imposed a non-Guidelines sentence, it used the advisory guideline range as a reference, and it's reasons for the departure were fact specific and consistent with the directives of 18 U.S.C. §§ 3553(a)(1), (2)(A) that in determining the sentence to impose, the court "consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant" and "promote respect for the law." See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Consequently, the decision to upwardly depart from the advisory range was not plain error under either scenario.

Montes' reliance on United States v. Lambert, 984 F.2d 658 (5th Cir. 1993) (en banc), for the proposition that the extent of the departure was plainly unreasonable is unpersuasive. The record does not support a determination that the district court upwardly departed pursuant to U.S.S.G. § 4A1.3, and Lambert is therefore inapposite. Finally, we reject Montes' contention that the district court's written reasons for the departure were insufficient. By specifying that Montes returned to the United

States illegally within six months of being deported, the court adequately complied with 18 U.S.C. § 3553(c)(2).

AFFIRMED.