United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60249
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN THOMAS MOODY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CR-89-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Alan Thomas Moody was convicted of armed bank robbery in
violation of 18 U.S.C. § 2113(a).  Moody appeals his 96-month
sentence which included an upward departure.  Moody argues that
the extent of the district court's upward departure was
unreasonable because the departure did not advance the objectives
of 18 U.S.C. § 3553(a)(2) and was not justified by the facts of
the case.

Pursuant to United States v. Booker, 543 U.S. 220 (2005),
this court ultimately reviews sentences for reasonableness.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006).  The sentencing court's factual findings are accepted unless clearly erroneous, and the application of the Guidelines is reviewed de novo.  Id.

The district court based its decision to upwardly depart on permissible grounds including Moody's prior convictions for numerous offenses for which he was not assessed criminal history points.  See U.S.S.G. § 4A1.3(a)(2)(A) and (B); § 4A1.2, comment. (n.8); § 4A1.2(e); United States v. Simkanin, 420 F.3d 397, 416 n.21 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006).  In so departing, the court considered the nature of Moody's convictions as required under § 4A1.3, when it stated that its imposed sentence was based not only on the number of Moody's prior convictions, but on the facts that his convictions for armed robbery, bank robbery, and possession of a firearm by a convicted felon indicated a recurring pattern of criminal behavior that had begun in 1968 and that, of Moody's five prior felony convictions, two were violent felonies.  See § 4A1.3, comment. (n.2(B)).  Also, the district court's comments reflect § 3553(a)'s requirement to consider the seriousness of the offense, the need for punishment, deterrence, and protection from future crimes by Moody.

Moreover, the degree of the upward departure, which resulted in a guidelines range 100% greater than Moody's guidelines maximum, was reasonable.  See United States v. Lambert, 984 F.2d

658, 663-64 (5th Cir. 1993) (en banc); <u>Simkanin</u>, 420 F.3d at 416 n.21.  Accordingly, the district court's upward departure was not an abuse of discretion and Moody's sentence was reasonable.  <u>See</u> <u>Smith</u>, 440 F.3d at 706.  Moody's sentence is AFFIRMED.