IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-20633
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DWAYNE ALBERTO FURET

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-268-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dwayne Alberto Furet appeals the 120-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm. Furet argues that the district court erred in upwardly departing under U.S.S.G. § 4A1.3, p.s., based on the underrepresentation of his criminal history. He also challenges the extent of the upward departure.

Because Furet challenged the decision to upwardly depart in the district court, we review the decision of the district court to depart for abuse of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion. See Gall v. United States, 128 S. Ct. 586, 591 (2007); United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005). We also review the extent of departure for an abuse of discretion. See United States v. Allison, 447 F.3d 402, 407 (5th Cir. 2006). The Government urges that Furet did not object to the extent of the departure at sentencing and that we should review that issue for plain error. Furet argues for abuse of discretion review, maintaining that he objected at sentencing.[1] We need not reach the issue, as Furet's claim fails under either standard. We ultimately determine whether the sentence is reasonable under 18 U.S.C. § 3553(a). See United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006).

The district court's decision to upwardly depart was based on the factors in § 3553(a), including Furet's history and characteristics, the need for adequate deterrence, and the need to protect the public from future crimes by Furet. The district court relied, in part, on Furet's lengthy criminal history, his tendency toward violent crimes, and the likelihood of prior lenient sentences. The district court also noted that several of Furet's prior convictions had not been included in his criminal history score pursuant to U.S.S.G. § 4A1.1(c). Because the upward departure advanced the objectives in § 3553(a) and is justified by the facts of the case, the district court did not abuse its discretion in upwardly departing from the advisory guideline range. See Zuniga-Peralta, 442 F.3d at 347; United States v. Lee, 358 F.3d 315, 328-29 (5th Cir. 2004).

In challenging the extent of the district court's departure, Furet asserts that the district court committed reversible error by failing to specifically address each intervening offense level when determining that a departure to criminal history category VI and offense level 24 was warranted. The district court determined that Furet's likelihood of recidivism and the resultant risk to

---

[1] His attorney requested at sentencing that the court "give him the low [e]nd of the guideline range" and that the court "not upwardly depart."

the community warranted a sentence at the statutory maximum. This reasoning implicitly established the district court's rationale for rejecting the intervening levels, which satisfied the court's burden. See United States v. Lambert, 984 F.2d 658, 663-64 (5th Cir. 1993) (en banc) (where the "district court set out specifically the factors that the guidelines did not take into account," "[a]lthough the court's decision could have been more explicitly tied to the incremental character of criminal history departures," the factors set out by the court were sufficient); see also id. at 664 ("Ordinarily the district court's reasons for rejecting intermediate categories will clearly be implicit, if not explicit, in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate.") Given the facts of this case and the district court's reasons for departing, Furet has not shown that the court abused its discretion in determining the extent of departure. See Lee, 358 F.3d at 328-29. The judgment of the district court is AFFIRMED.