# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2010

Lyle W. Cayce
Clerk

No. 09-10865
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FIDENCIO MALDONADO-CHIMAL,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-46-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fidencio Maldonado-Chimal appeals the sentence he received for illegal reentry into the United States after deportation, which departed upward from the 21-to-27 month guidelines range to 60 months of imprisonment. Maldonado-Chimal contends that the court erred by failing to evaluate why it rejected each intermediate offense level as required by United States Sentencing Guidelines § 4A1.3, and also by using the wrong legal standard to determine the appropriate sentence.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

We first address Maldonado-Chimal's argument that the district court erred by failing to consider each intermediate step as it moved up the offense levels within Category VI as required by § 4A1.3.  Maldonado-Chimal objected to the upward departure, but he did not specifically object that the district court failed to follow the incremental process required by § 4A1.3.  Therefore, review is limited to plain error.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See id.*  If the defendant makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (citation and internal quotation marks omitted).

It is well established that when a district court departs from the guideline range in sentencing a defendant, it must "evaluate each successive criminal history category above or below the guideline range for a defendant as it determines the proper extent of departure."  *United States v. Lambert*, 984 F.2d 658, 662 (5th Cir. 1993) (en banc).  However, this requirement does not mandate that a court "go through a ritualistic exercise in which it mechanically discusses each criminal history category that it rejects en route to the category it selects."  *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n. 2 (5th Cir. 2006).  Rather, "the district court's reasons for rejecting intermediate categories [ordinarily] will be clearly implicit, if not explicit in the court's explanation for its departure from the category calculated under the guidelines and its explanation for the category it has chosen as appropriate."  *Lambert*, 948 F.2d at 663.

We acknowledge that the district court here failed to specify the criminal history category it applied.  The court explained that Maldonado-Chimal's guideline imprisonment range was 21-to-27 months (criminal history category V, total offense level 10), and that such a sentence was insufficient to adequately

address his criminal history. The court then discussed the necessity of an upward departure without any reference to criminal history level VI.

We cannot say on this record that any failure the of the district court to specifically articulate why he rejected intermediate categories in favor of a higher sentence constituted plain error. *See Puckett*, 129 S. Ct. at 1429. The record reflects that the district court adopted the Presentence Report and found that the departure was necessary because Maldonado-Chimal's criminal history category under-represented the seriousness of his criminal history and the likelihood that he would commit other crimes. It also found that the departure was necessary to address the 18 U.S.C. § 3553(a) factors, including his history and characteristics, his risk of recidivism, and the need for deterrence and to promote respect for the law. These determinations are similar to those which have sufficed in the past to show that the district court "throughly considered the appropriate guidelines in arriving at its ultimate sentence," as the court's "explanation for its sentence also explains why it rejected a lesser departure." *Lambert*, 984 F.2d at 663-64 (finding that court considered the appropriate guidelines where the district court "specifically concluded that the guidelines did not reflect the seriousness of Lambert's criminal history taken as a whole," and the record clearly demonstrated that raising the criminal history category by a single level would have increased his sentence by only three months—an increase which "would have been inadequate."). Accordingly, we are unable to conclude that the court committed plain error.

Maldonado-Chimal also argues that the district court applied the wrong legal standard when it determined his sentence. Specifically, he alleges that the district court erroneously adopted the reasonableness standard appropriate for appellate review rather than imposing a sentence that was sufficient but not greater than necessary to meet the objectives of § 3553(a). At sentencing, Maldonado-Chimal objected that the sentence was unreasonable, but he did not

argue that the court had used the wrong standard in determining his sentence. Therefore, review is limited to plain error. *See Puckett*, 129 S. Ct. at 1429.

Maldonado-Chimal bases his allegation of error on the district court's mention that the sentence was "reasonable," but the record conclusively shows that the district court did not base his sentence on the appellate standard of reasonableness. During the sentencing, the district court stated that "[a]s I indicated, I believe a sentence of that kind is necessary to adequately and appropriately address the factors the Court should consider in determining a sentence to impose under Section 3583(a)[1] [sic] of Title 18. And I've concluded that it is a reasonable sentence in this case." This statement confirms that the court based the sentence on the § 3553(a) factors and mentioned the reasonableness of the sentence only as support for its ultimate determination. Further, the record demonstrates that the district court considered and based the sentence on the § 3553(a) factors, including Maldonado-Chimal's history and characteristics, his risk of recidivism, and the need for deterrence and to promote respect for the law. As such, we find no plain error on the part of the district court. *See id*. at 1429.

AFFIRMED.

---

[1]Although the district court erroneously referred to § 3553(a) as § 3583(a), it is clear from the context of the opinion that the court's intended reference was § 3553(a).