# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2011

No. 10-20828
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS MORENO MOLINA, also known as Carlos Molina-Moreno, also known as Jose Benjamin Garcia Vega, also known as Ciberio Vega Garcia, also known as Ceberio Vega Garcia, also known as Ceberio Vega-Garcia, also known as Jose Benjamin Vega-Garcia, also known as Ruben Ramirez, also known as Jose Bega, also known as Hector Gonzalez Moreno, also known as Benjamin Garcia, also known as Benjamin Vega Garcia, also known as Benjamin Vega, also known as Beta Benjermino, also known as Beta Benjamin, also known as Benjamin Beta, also known as Benjermino Beta,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-485-1

Before WIENER, GARZA, , and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carlos Moreno Molina appeals the 60-month sentence he received for reentering the United States as a previously deported

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alien after conviction for an aggravated felony. Molina asserts that the district court procedurally erred in upwardly departing from the guidelines range of 18 to 24 months under U.S.S.G. § 4A1.3(a)(1) to a sentence commensurate with offense level 17 and criminal history category VI without explaining why it rejected intermediate criminal history categories.

We review the issue for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009). Although Molina objected to the sentence as procedurally unreasonable in the district court on the ground that the court failed to provide sufficient reasons for the departure, he did not identify as error the district court's failure to address the intervening criminal history categories.

The district court's failure to address the intermediate criminal history categories was not a clear or obvious error. It is apparent from the court's reasons that it imposed the 60-month sentence to protect the public and deter Molina from committing further crimes. *See United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc); *United States v. Lambert*, 984 F.2d 658, 663-64 (5th Cir. 1993) (en banc); *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 & n.2 (5th Cir. 2006); *United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005). Moreover, even if it were clear or obvious error, Molina has not shown that it affected his substantial rights. Nothing in the record indicates that the district court would have imposed a lesser departure if it had explicitly addressed the lower criminal history categories or that the court would not have simply imposed the 60-month sentence as a variance. Accordingly, we find no plain error. *See Puckett*, 129 S. Ct. at 1429.

Molina also challenges the extent of the departure. The district court cited several reasons for the sentence. It found Molina's criminal conduct over a 25-year period to be consistent and significant and correctly noted that his criminality had not slowed with age. Based on the facts of several of his offenses, the court found that Molina presented a danger to the community when "cornered, provoked, [or] annoyed" due to his lack of common sense. The court

also emphasized his conduct in reentering the United States only two weeks after his most recent deportation.

The district court's reasons for the departure appropriately reflect Molina's history and characteristics and the need for the sentence to promote respect for the law, deter future criminal conduct, and protect the public from further criminal acts by him. *See* 18 U.S.C. § 3553(a). The court did not abuse its discretion in determining that the 60-month sentence was appropriate. *See United States v. Rajwani*, 476 F.3d 243, 250-51 (5th Cir.), *modified on other grounds by,* 479 F.3d 904 (5th Cir. 2007).

AFFIRMED.