# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2012

No. 11-20423
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ANTONIL VILLANUEVA ALMENDAREZ, also known as Roel
Moreno, also known as Jose Antonil Nejia, also known as Carlos Villanueva-
Almendarez, also known as Carlos A. Villanueva-Almendarez, also known as
Carlos Armoando Villanueva-Almendarez, also known as Hector Sibilion Cruz,
also known as Carlos Callejas, also known as Carlos Antonil Villanueva-
Almendarez, also known as Xarlos Manzanero, also known as Carlos Roberto
Pena,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-898-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Antonil Villanueva Almendarez appeals the 50-month sentence
imposed for his conviction of illegal reentry after deportation. Villanueva
Almendarez argues that the district court erred by upwardly departing from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

guidelines range of 33-41 months.  Villanueva Almendarez challenges the decision to upwardly depart under U.S.S.G. § 4A1.3(a)(1), arguing that his prior offenses were sufficiently represented in the guidelines range and that many of his prior offenses involved misdemeanor convictions.  He further challenges the district court's failure to follow the method for calculating the extent of the departure as set forth in § 4A1.3(a)(4)(B).

Villanueva Almendarez contends that our review should not be limited to plain error because he objected to the sentence in the district court.  Villanueva Almendarez voiced objections to the court's failure to articulate reasons for the upward departure and to the substantive reasonableness of the sentence, stating that it was greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553(a).  Those objections made no mention of the appropriateness of the upward departure or the incremental process required under § 4A1.3(a)(4)(B) and were not sufficient to alert the district court to his instant legal arguments. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007).  Thus, plain error review applies.  *See id.*  To establish plain error in the sentencing context, Villanueva Almendarez must demonstrate a reasonable probability that he would have received a lesser sentence but for the error.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Under § 4A1.3, a district court may depart upwardly "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1).  When departing under § 4A1.3, the district court must follow the method set forth under § 4A1.3(a)(4) for calculating the extent of the departure. *United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).  While the district court should consider, and state for the record that it has considered, each intermediate offense level before arriving at the sentence it finds appropriate, the district court generally is not required to ritualistically discuss

each offense level it rejects, and its reasons for rejecting the intermediate levels may be given implicitly in its explanation for the departure. *United States v. Lambert*, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

In the instant case, the district court indicated that it believed a sentence more than 50 percent higher than Villanueva Almendarez's prior lengthiest sentence would have an appropriate deterrent effect. Thus, the district court's reasons for rejecting the intermediate levels were implicit in its explanation. *See id.*

Given Villanueva Almendarez's criminal record over a 22-year period, the lack of deterrent effect from prior lenient sentences, the prior deportations, and the nature of the prior offenses, which included an aggravated felony, the district court did not plainly err by upwardly departing. *See* § 4A1.3(a). Moreover, Villanueva Almendarez fails to show a reasonable probability that he would have received a lesser sentence but for the alleged errors. *See Davis*, 602 F.3d at 647.

Accordingly, the judgment of the district court is AFFIRMED.