# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

SHAWN A. JOLLIVETTE, also known as Shon Alik Jolivette,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-137-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Shawn Jollivette appeals his 36-month sentence for interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. He claims that the district court erred by failing to comply with U.S.S.G. § 4A1.3(a)(4)(B) (2013) when it upwardly departed from the guidelines range of 18 to 24

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months.  Because he did not present that contention to the district court, this court's review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Where a district court determines that the extent and nature of the defendant's criminal history warrant an upward departure from criminal history category VI, it is to follow the method set forth in § 4A1.3(a)(4)(B) for calculating the extent of the departure.  *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007).  Such a departure is made by adjusting the offense level "incrementally down the sentencing table to the next higher offense level."  § 4A1.3(a)(4)(B).  The court should consider, and state for the record that it has considered, each intermediate offense level before arriving at the sentence.  *See United States v. Lambert*, 984 F.2d 658, 662–63 (5th Cir. 1993) (en banc); § 4A1.3(a)(4)(B).  Nonetheless, the court is not required to explain why it rejected intermediate levels, provided that its explanation for the departure makes clear, implicitly or explicitly, why the intermediate levels are inadequate and the chosen level is appropriate.  *See United States v. Zuniga-Peralta,* 442 F.3d 345, 348 n.2 (5th Cir. 2006); *United States v. Daughenbaugh*, 49 F.3d 171, 175 (5th Cir. 1995).

The presentence report reflects a lengthy and serious criminal history.  Moreover, as the district court determined, Jollivette had a criminal history score of 19, which produced a criminal history category of VI, while a criminal history score of 13 also produces the criminal history category of VI.  Aside from concerns regarding criminal history, the district court set forth two additional bases for the sentence, neither of which Jollivette challenges on appeal.  First, the court determined that the upward departure was warranted because of U.S.S.G. § 5K2.9, p.s.  Second, the court decided that the 36-month sentence was warranted based on the 18 U.S.C. § 3553(a) factors.

No. 14-31141

By failing to question the determinations that the sentence was war-ranted based on § 5K2.9, p.s., and § 3553(a), Jollivette has abandoned any such challenges. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010). Finally, he fails to show a reasonable probability that he would have received a lesser sentence but for the alleged errors. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). He has therefore failed to establish that the district court committed reversible plain error. *See id.*

The judgment of sentence is AFFIRMED.