# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41635
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL JAMES CORSTEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1316-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael James Corsten appeals the sentence imposed on his conviction for coercion and enticement of a minor. The district court sentenced him to 180 months of imprisonment and 20 years of supervised release. The sentence represented an upward departure under U.S.S.G. § 4A1.3 from criminal history category II to category VI and an upward variance based on the sentencing factors under 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41635

Corsten challenges the district court's upward departure under § 4A1.3, arguing that the district court failed to give reasons why a departure to criminal history category VI was appropriate and failed to follow the requisite procedure under § 4A1.3 for considering each intermediate criminal history category between categories II and VI.   Although Corsten objected to his sentence in the district court, he did not object on the specific grounds he raises here.   Accordingly, plain error review applies to his arguments.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

The reasons for the district court's upward departure to criminal history category VI are abundantly clear from the record based on the court's explanation for the departure in the statement of reasons, adoption of the PSR, consideration of the parties' arguments at sentencing, and statements at sentencing.  *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 & n.2 (5th Cir. 2006).  In addition, the district court was not required to mechanically discuss each criminal history category it rejected en route to the selected category.  *See United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc).  The district court's reasons for rejecting the intermediate categories were implicit in its explanation for its departure to criminal history category VI.  *See United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc). The size of the departure here was not so drastic as to require an "explanation in careful detail" of the reasons why lesser adjustments to Corsten's criminal history score were inadequate.  *See id.* (internal quotation marks and citation omitted).  Corsten has not demonstrated clear or obvious error with respect to the district court's upward departure under § 4A1.3.

AFFIRMED.