# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2019

Lyle W. Cayce
Clerk

No. 19-40396
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO ARTEMIO SAENZ-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-2035-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Pedro Artemio Saenz-Gonzalez appeals the sentence imposed following his conviction for being found in the United States after previous deportation in violation of 18 U.S.C. § 1326(a) and (b). The district court sentenced him to 16 months of imprisonment. The sentence represented an upward departure under U.S.S.G. § 4A1.3 and an upward variance based on the sentencing factors under 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40396

Saenz-Gonzalez argues that the sentence was procedurally unreasonable because the district court failed to follow the requisite method of calculating the departure; erroneously considered prior arrests; overemphasized an unscored prior rape conviction from outside the relevant time frame; and failed to consider his assistance in prosecuting a human trafficker. Saenz-Gonzalez did not object to the specific grounds he raises here. Thus, plain error review applies to his arguments. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Saenz-Gonzalez's argument regarding the district court's method of calculating the departure is without merit because the district court's reasons for rejecting intermediate criminal history categories were implicit in its explanation for its upward departure. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 & n.2 (5th Cir. 2006). Additionally, the district court was not required to mechanically discuss each criminal history category it rejected. *See United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). As to the prior arrests, the district court's consideration of the arrests was permissible given that the facts of the conduct leading up to the arrests were recited in the presentence report. *See United States v. Windless*, 719, F.3d 415, 420 (5th Cir. 2013). Moreover, the arrests were not merely arrests. Citations and failure to appear warrants were issued for the offenses. As to the district court's emphasis of the unscored prior rape conviction, § 4A1.3(a)(2)(A) states that prior sentences not used in computing the criminal history score may provide a basis for an upward departure. Finally, the district court did not fail to consider Saenz-Gonzalez's assistance in prosecuting a human trafficker because the district specifically mentioned that point at the sentencing hearing.

Saenz-Gonzalez also argues that his sentence was substantively unreasonable because he has not exhibited a pattern of criminal behavior, a pattern of increasingly violent crime, a continued disregard for the law, or an unwillingness to change his behavior. Although Saenz-Gonzalez did not object to the substantive reasonableness of his sentence below, and review is for plain error, *see United States v. Peltier*, 505 F.3d 389, 390, 392 (5th Cir. 2007), his sentence is substantively reasonable under any standard of review.

The record supports a determination that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in determining that a sentence above the guidelines was justified. The district court stated that it had considered the § 3553(a) factors, and, notably, Saenz-Gonzalez's prior history consisted of a prior rape conviction and repeated reentries into the United States. Additionally, his sentence, which was 10 months above the top of the applicable advisory guidelines range, was not so disproportionate as to overcome the factors that warranted its imposition. *See United States v. Brantley,* 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.